IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:17-CR-128-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENDELL WHITFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

On June 22, 2020, Kendell Whitfield ("Whitfield") moved for compassionate release under

the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018)

(codified as amended at 18 U.S.C. § 3582) [D.E. 146], and submitted medical records in support

[D.E. 149, 50]. On July 20, 2020, the United States responded in opposition [D.E. 154, 155]. On

July 27, 2002, Whitfield replied [D.E. 160]. As explained below, the court denies Whitfield's

motion.

On August 7, 2018, pursuant to a plea agreement, Whitfield pleaded guilty to being a felon

in possession of a firearm and aiding and abetting (count one), dealing firearms without a license

(count two), and sale of a firearm to a prohibited person and aiding and abetting (count three). See

Rule 11 Tr. [D.E. 159] 16–29; [D.E. 92]. On December 13, 2018, at Whitfield's sentencing hearing,

the court calculated Whitfield's total offense level as 25, his criminal history category as II, and his

advisory guideline range as 63 to 78 months' imprisonment. See Sentencing Tr. [D.E. 158] 10.

After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced

Whitfield to 72 months' imprisonment on each count to run concurrently. See id. at 13–16.

Whitfield did not appeal.[1]

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially restates section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious

---

[1] On June 17, 2020, Whitfield moved to vacate his conviction on count one. See [D.E. 145]. This order does not address that motion.

2

deterioration in physical and mental health due to aging and having served at least 10 years or 75%

of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.    Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A)   Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)   Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

---

          (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

      (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

Whitfield seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Whitfield relies on the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13. See [D.E. 149] 1–3. Specifically, Whitfield cites the COVID-19 pandemic and his chronic kidney disease, diabetes, and hypertension which "put him at increased risk for severe complication of COVID-19 . . . ." Id. at 3; [D.E. 150].

The court assumes without deciding that Whitfield has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Whitfield alleges that he requested compassionate release from the Warden at FMC-Devens on May 16, 2020, and that over 30 days elapsed without a response from the Bureau of Prisons when he moved for compassionate release. See [D.E. 149] at 2; 18 U.S.C. § 3582(c)(1)(A). Additionally, the government has not invoked section 3582's exhaustion requirements. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[3] Accordingly, the court addresses Whitfield's claim on the merits.

As for the "other reasons" policy statement, the court assumes without deciding that Whitfield's chronic kidney disease, diabetes, hypertension, and the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Whitfield's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Ruffin, Nos.

---

[3] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

16-CR-729 (VM), 17-CR-136 (VM), 2020 WL 3547772, at *3 (S.D.N.Y. June 30, 2020) (unpublished); Clark, 2020 WL 1874140, at *3–8. Between April 30, 2015, and July 27, 2015, Whitfield engaged in serious criminal conduct by possessing and selling 16 firearms. See Presentence Investigation Report ("PSR") [D.E. 136] ¶¶ 14–27. Notwithstanding Whitfield's felony conviction, Whitfield was personally responsible for possessing and selling 16 firearms, including two stolen pistols and a 7.62mm rifle with an extended magazine. See id. Whitfield also involved his son and nephew in his illegal conduct and paid them with cash and controlled substances. See id.. Whitfield is a violent recidivist with a lengthy criminal record spanning four decades, including convictions for common law robbery, assault, assault on a female, and conspiracy to possess with the intent to distribute cocaine base (crack). See id. ¶¶ 32–36. Notably, Whitfield engaged in his firearms trafficking scheme after already having served a 126-month term of imprisonment for a federal drug conviction for conspiracy to possess with intent to distribute cocaine base (crack). See id. ¶ 36. Moreover, Whitfield receives medical care at FMC-Devens for his chronic health conditions and performs all activities of daily living without assistance. See [D.E. 155]. Having considered the entire record, Whitfield's health, the steps that the BOP has taken to address COVID-19 and to treat Whitfield, the section 3553(a) factors, Whitfield's arguments, and the need to punish Whitfield for his criminal behavior, to incapacitate Whitfield, to promote respect for the law, to deter others, and to protect society, the court declines to grant Whitfield's motion for compassionate release.

In sum, the court DENIES Whitfield's motion for compassionate release [D.E. 149].

SO ORDERED. This 22 day of October 2020.

JAMES C. DEVER III
United States District Judge

6